NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | No. 25-4211 |
| Plaintiff - Appellee, | D.C. No. 2:20-cv-08985-FWS-DFM |
| v. | |
| CHARLES EVERETT, | MEMORANDUM* |
| Defendant - Appellant, | |
| PATRICK JEVON JOHNSON, FRANK EKEJIJA, GARY FEWELL, GEORGE MATTIA, CHASE STEWMON, DOES 1-10, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted July 31, 2026**

Before: MURGUIA, Chief Judge, and WARDLAW and JOHNSTONE, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Charles Everett appeals the district court's denial of his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). We have jurisdiction under 28 U.S.C. § 1291, and we review the denial of a Rule 60(b) motion for abuse of discretion. *See Marroquin v. City of Los Angeles*, 112 F.4th 1204, 1211 (9th Cir. 2024). We affirm.

1. The district court did not abuse its discretion in concluding that Everett's Rule 60(b)(2) and (3) claims were untimely.[1] Rule 60(c)(1) requires motions brought under Rule 60(b)(2) or (3) to be filed "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). That one-year deadline is not tolled during the pendency of an appeal. *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1135 (9th Cir. 2022). Final judgment was entered on March 22, 2023, but Everett did not move for Rule 60(b) relief until May 22, 2025, more than two years later. The district court therefore properly concluded that Everett's motion based on Rule 60(b)(2) and (3) was time-barred.

2. The district court likewise did not abuse its discretion in denying relief under Rule 60(b)(5). Everett argues that *SEC v. Jarkesy*, 603 U.S. 109 (2024),

---

[1] Although Everett does not expressly invoke Rule 60(b)(3) on appeal, he asserts that "[t]he SEC . . . induced Everett to sign a motion vacating the jury trial" under a section of his opening brief entitled "Settlement Misconduct." Accordingly, we construe this claim as alleging fraud, misrepresentation, or misconduct by the SEC under Rule 60(b)(3). *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004).

2                                                              25-4211

entitled him to a jury trial.  However, *Jarkesy* addressed the constitutionality of adjudicating claims alleging securities fraud before SEC administrative law judges, not civil enforcement actions litigated in federal district courts.  *See id.* at 120.  Everett's case proceeded in federal district court, where summary judgment was entered after the court concluded that no genuine dispute of material fact existed.  *Jarkesy* does not disturb the settled rule that "a summary judgment proceeding does not deprive the losing party of its Seventh Amendment right to a jury trial." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1066 (9th Cir. 2009) (citation omitted); *see Jarkesy*, 603 U.S. at 120.  The district court therefore acted within its discretion in rejecting Everett's reliance on *Jarkesy*.

3. Nor did the district court abuse its discretion in denying relief under Rule 60(b)(6).  Relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citation omitted).  On appeal, Everett identifies no extraordinary circumstance warranting relief from a judgment entered more than two years earlier.  Accordingly, we see no reason to disturb the district court's ruling.

To the extent Everett challenges the correctness of the underlying summary judgment, those arguments are not properly before us on appeal from the denial of his Rule 60(b) motion.  Rule 60(b) "[is] not intended to provide relief for error on the part of the court or to afford a substitute for appeal." *Twentieth Century-Fox*

3                                          25-4211

*Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341-42 (9th Cir. 1981).

**AFFIRMED.**